UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § | Criminal No. 4:23-cr-79 |
| FRANK LEWIS BLANCO | § § | |

# UNITED STATES' RESPONSE TO BLANCO'S MOTION FOR RELEASE PENDING SENTENCING

The United States respectfully requests this Court to deny Blanco's motion for release pending sentencing. Dkt. 55. The Bail Reform Act requires detention of individuals such as the defendant who have been convicted of a crime of violence and are awaiting sentencing with limited exception. The defendant does not meet the exception and should be detained.

1. **Background**

A grand jury charged Blanco by indictment with aiding and abetting carjacking in violation of 18 U.S.C. 2119 and 2. Dkt. 17. Blanco is currently on pretrial release. Dkt. 30. Blanco is scheduled to enter a guilty plea to the indictment without a plea agreement. The Government has not and does not intend to recommend anything other than a sentence of imprisonment.

During this carjacking, Blanco beat an Uber driver until he was unconscious. Blanco then continued to punch and stomp on the victim's head for approximately three minutes while the victim lay motionless on the ground. Blanco committed this offense while on state pretrial release for carrying a firearm while engaged in the possession of illegal drugs. Finally, the state charged Blanco with assaulting a family member approximately a month after the carjacking and also while on state pretrial release.

2. Law

The Bail Reform Act creates a presumption against release pending sentencing. 18 U.S.C. § 3142. The judicial officer shall order that a person who has been found guilty of a crime of violence and is awaiting sentencing be detained unless:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. 3143(a)(2), 18 U.S.C. 3142(f)(1)(A).

The Fifth Circuit repeatedly has held that carjacking is a crime of violence under § 924(c)(3). See, e.g., *United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017), *abrogated in part on other grounds*, *United States v. King*, No. 22-50607, 2023 WL 3690256, at *2 (5th Cir. May 26, 2023)[1]; *United States v. Frye*, 489 F.3d 201, 208–09 (5th Cir. 2007) ("[c]arjacking is always and without exception a 'crime of violence' as that term is defined in 18 U.S.C. § 924(c)(3)").

3. Argument

**A. The Bail Reform Act does not permit release pending sentencing for crimes of violence when there is no likelihood that a motion for acquittal or new trial will be granted and the Government will recommend a sentence of imprisonment**

Blanco is charged with aiding and abetting carjacking, which is a crime of violence under § 924(c)(3). Here, he cannot meet the first prong of the exception to the Bail Reform Act's mandatory detention. To satisfy the first prong, the court must find either that there is a

---

[1] Unpublished opinions, though nonprecedential, may be persuasive authority. *E.g.*, *United States v. Olivares*, 833 F.3d 450, 453 n.1 (5th Cir. 2016).

substantial likelihood that the conviction will not stand or that the government will not recommend imprisonment. In this case, the conviction will be the result of a voluntary, guilty plea without a plea agreement and the Government will recommend incarceration. Blanco cannot and has not offered anything to support such a finding by the Court. Therefore, he cannot meet the exception to detention and his motion should be denied.

### B. Blanco poses a danger to the community.

The facts of this offense and Blanco's other offenses around the same time demonstrate that he poses a danger to the community. Conditions of pretrial release for the firearm charge failed to protect Blanco's family member from violence and failed to protect the Uber driver.

The defendant bears the burden of proving by clear and convincing evidence that he does not pose a danger to any other person or the community. His current very restrictive conditions of release may mitigate the risk that he poses, but they do not change the fact that the defendant committed acts of violence even while on pretrial release.

The defendant cannot meet his burden on the second prong and his motion should be denied.

### 4. Conclusion

This Court should deny Blanco's motion for release pending sentencing because the Bail Reform Act does not make such release available to violent offenders in Blanco's situation and because he continues to pose a danger.

Respectfully submitted,
ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY


By: /s/Stuart Tallichet
George Stuart Tallichet, Jr.
Assistant United States Attorney
SDTX ID No. 3778999
Texas Bar No. 24071215


## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2023, I served a true and correct copy of United States' Response to Blanco's Motion for Release Pending Sentencing in the above-captioned case, via the court's e-noticing system and email to defendant's counsel, Marjorie Meyers.

By: /s/ Stuart Tallichet
George Stuart Tallichet, Jr.
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, TX 77002
George.Tallichet@usdoj.gov
(713)567-9000